Ross, Ellis & Co. v. R. B. Hawley & Co.

(No. 1910.)

Appeal from Galveston County. Opinion by Willson, J.

Denson & Burnett, counsel for appellants.

McLemore & Campbell, counsel for appellees.

§ 107. *Petition construed; plaintiff must recover, if at all, upon the cause of action alleged; case stated.* This suit was brought by appellees, for the use and benefit of the Anglo-American Packing & Provision Company, to recover of appellants $965.87, alleged damages arising from an alleged breach of contract. Appellees recovered judgment for the damages claimed, interest and costs. Their petition states their cause of action as follows: "That said defendants are justly indebted to plaintiffs in the sum of $965.87, for this, that Ross, Ellis & Co. contracted, for value received, to take from said the Anglo-American Packing and Provision Company the articles of merchandise set out in the exhibits hereto attached as part hereof, and to pay for the same at the rate set out in the invoices shown in said exhibits attached, in current exchange, or the value thereof in money, on Kansas City, at the time of the delivery of said articles of merchandise in Galveston, Galveston county, Texas, together with the freight money to be due for the transportation of said merchandise to said city of Galveston. That the said merchandise was bacon, and was contracted to be paid for, as aforesaid, at the price of eight and one-half cents per pound, with freight and charges to said city of Galveston added. That said Anglo-American Packing and Provision Company contracted to deliver the said bacon on

the said terms, and in pursuance thereof did send the said bacon, as set out in the said invoices hereto attached, to the said defendants, Ross, Ellis & Co., at Galveston, and the said defendants failed and refused to receive or to pay for said bacon, or any part of it, or the freight that was due for the transportation thereof. That said Anglo-American Packing and Provision Company thereupon paid the freight due on said bacon, and had the said bacon sold for the highest price that could be obtained therefor in the city of Galveston, paying all charges that were incurred for the accomplishment of this object as were reasonable and necessary, all of the items of which are set out in the exhibits hereto attached as part hereof, and so exhibited as to be observed by the reading thereof. That after paying, as aforesaid, all charges and claims against said bacon, including freight thereon to Galveston, the net proceeds were applied to the credit of said Ross, Ellis & Co. on account of the said contract of purchase as aforesaid, to wit, the sum of $4,261.07, and the said Ross, Ellis & Co. owing as aforesaid, and as set out in said exhibits, the sum of $5,226.94 for the said bacon, freight and exchange, there was left a balance of $965.87 due and owing on account of said bacon contracted as aforesaid. That the said defendants, Ross, Ellis & Co., became liable, agreed and promised to pay the said sum of $965.87 on demand as aforesaid, and that, although payment thereunto demanded, they have refused to pay the same or any part thereof." *Held:* By the terms of the contract, as averred in the petition, appellees were bound to deliver the bacon to appellants at Galveston, Texas, and not at Kansas City, the place of its shipment. This being the contract declared upon, no other could be recovered upon in this action. [W. & W. Con. Rep. § 299.]

§ **108.** *Charge of court must conform to pleadings.* Among other instructions given to the jury upon the trial was the following: " If the bacon was to be delivered at the point of shipment, and paid for on arrival

and presentation of the bills of lading, and drafts for the amount of shipment, then it was the duty of defendants to pay for the bacon when such bills of lading and drafts were presented; and if such was the contract, and defendants were to pay for the bacon on presentation of bills of lading and drafts, then upon the arrival of the bacon in Galveston plaintiffs would not be required to tender the bacon to defendants on arrival, and had the right, without such tender, to dispose of the goods for the best price obtainable in the market at Galveston; and if the bacon brought less than the contract price, the plaintiffs would be entitled to recover of defendants the difference between the amount realized for the sale of the bacon and the price agreed to be paid for the same; and in case you so find, you will return your verdict for the plaintiffs," etc.  *Held:* This instruction, while correct in principle, is erroneous when viewed with reference to the contract alleged in the petition.  There is no allegation in the petition that by the contract the bacon was to be delivered at the place of shipment; but, on the contrary, the allegation is that it was to be delivered at Galveston, the place of destination.  Under this instruction, if warranted by the evidence, the jury was authorized to find for the plaintiffs upon a contract essentially different from the one sued upon.  There was some evidence tending to show that the contract fixed the place of the delivery of the bacon at the place of its shipment.  It was proved that the bacon was shipped, and the bills of lading thereof tendered to appellants at Galveston.  Such being the evidence, the jury may have concluded that the delivery was to be made at the place of shipment, and that appellees had therefore fully complied with the contract.  While such conclusion might be warranted by the evidence, it would be without any allegation in the pleadings to support it; and not only so, but contrary to the allegation in the pleading as to the place of delivery of the bacon.  This instruction was therefore erroneous, and the error is a material one, because

calculated to mislead the jury by drawing their attention away from the real issues in the case, as made by the pleadings, and at the same time directing their attention to issues not presented by the pleading, but upon which there was some evidence. The charge of the court should be confined strictly to the issues made by the pleadings. [W. & W. Con. Rep. §§ 297, 299, 897; 2 W. Con. Rep. §§ 440, 613.]

February 17, 1886.     Reversed and remanded.